# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

TRAVIS DUKES,                                                                    PETITIONER

v.                                                                          No. 2:08CV215-P-S

JIM HOOD                                                                         RESPONDENT

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Travis Dukes for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the petition for failure to state a claim and for failure to exhaust state remedies. Dukes has replied in support of his petition, and the matter is ripe for resolution. For the reasons set forth below, the state's motion to dismiss shall be granted and the instant petition for a writ of *habeas corpus* dismissed for failure to state a claim.

### Facts and Procedural Posture

Travis Dukes was convicted of armed robbery (Count I) and aggravated assault (Count II) in the Circuit Court of Coahoma County, Mississippi, and was sentenced to serve eight years on Count I and fifteen years on Count II to be served concurrently in the custody of the Mississippi Department of Corrections. Dukes' *habeas* petition does not, however, challenge his conviction or sentence, but alleges instead that the state has not given him credit under Mississippi statutory law for "trusty time." In addition, Dukes argues that he also has not been given credit for eighty-eight days he served in the county jail. He argues that if the state had computed his time correctly, he would be entitled to Earned Release Supervision at an earlier date.

**Discussion**

First, under Mississippi law, the decision regarding the award of meritorious earned time ("trusty time") is not mandatory, but discretionary. As such, the decision not to award trusty time does not implicate due process protection. Second, Dukes is not entitled to credit for the eighty-eight days at issue for time he served in the county jail because he served that time *after* the imposition of his sentence; thus, it has already been counted toward his sentence. Finally, the state has produced a printout of the computation of Dukes' sentence, and he has been given credit for all the trusty time to which he is entitled.

**Calculation of "Trusty Time"**

To maintain a petition for habeas corpus, a petitioner must be deprived of some right secured to him by the Constitution or the laws of the United States. 28 U.S.C. § 2254(a); *Irving v. Thigpen,* 732 F.2d 1215, 1216 (5th Cir. 1984). Dukes claims in his petition is that he has been deprived of trusty time credit or "30 for 30." This claim does not rise to the level of a constitutional violation because Dukes has no protected liberty interest in those credits. *Hudson v. Johnson,* 242 F.3d 534, 536 (5th Cir. 2001); *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974) (the "Constitution itself does not guarantee good time credit for satisfactory behavior while in prison"). A state creates a liberty interest through statute only if the state law or regulation contains "'explicit mandatory language,' *i.e.* specific directives to the decisionmaker that if the regulations' substantive predicates are present, a particular outcome must follow." *Kentucky Department of Corrections v. Thompson,* 490 U.S. 454, 463 (1989). Section 47-5-138.1 of the Mississippi Code governs the award of trusty earned time to inmates and provides that the Mississippi Department of Corrections "*may*" award a trusty earned time allowance to inmates who meet certain criteria.

Section 47-5-138.1(1) reads:

> In addition to any other administrative reduction of sentence, an offender in trusty status as defined by the classification board of the Department of Corrections *may* be awarded a trusty time allowance of thirty (30) days' reduction of sentence for each thirty (30) days of participation during any calendar month in an approved program while in trusty status, including satisfactory participation in education or instructional programs, satisfactory participation in work projects and satisfactory participation in any special incentive program.

(emphasis added). The use of the word "may" in § 47-5-138.1(1) renders the award of earned time discretionary – a matter of grace or privilege – not mandatory. As the decision regarding trusty earned time is in the discretion of the prison officials, the statute affords a prisoner no constitutionally recognized liberty interest. *Scales v. Mississippi State Parole Board,* 831 F.2d 565, 566 (5th Cir. 1987); *Irving v. Thigpen, supra*. For these reasons, Dukes' claim regarding the alleged failure of prison officials to apply trusty time credit toward his sentence is without merit and shall be dismissed.

Alternatively, the sentence calculation sheet the state provided in its motion to dismiss shows that Dukes has, indeed, received credit for each thirty days he has spent in trusty status. Each thirty days he spent in trusty status is subtracted from his Earned Release Supervision ("ERS") date on the sheet, which reflects a current tentative ERS date of January 31, 2010. To the extent that he is claiming that he was placed on trusty status some months after he became eligible for such placement, Dukes has not provided documentation that he was, during that time, placed in a custody level which warrants credit for trusty time. As Dukes carries the burden of persuasion on issues in his *habeas corpus* petition, this claim shall be dismissed, as well.

### Eighty-Eight Days Served in the County Jail

Although Dukes did not seek relief regarding this claim, he did discuss it in his petition. He complains that the time he spent in the county jail from September 5, 1998, to December 2,

1998 – (eighty-eight days) has not been credited towards his sentence. As his Inmate Time Sheet reflects, however, Dukes was sentenced on September 4, 1998, and he started serving his sentence with the Mississippi Department of Corrections the next day. Thus, he has already been credited with the eighty-eight days in question. If he were also to receive credit for those days as time served in jail, then he would receive double credit. As such, this claim is without merit and shall be dismissed.

In sum, the state's motion to dismiss shall be granted and the instant petition for a writ of *habeas corpus* dismissed. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 13th day of August, 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE